**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| DAVID MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-0644-CV-W-FJG |
| ) | |
| CEVA LOGISTICS ) | |
| f/k/a TNT LOGISTICS NORTH AMERICA, ) | |
| Defendant. ) | |

## ORDER

Pending before the Court is Plaintiff's Motion to Remand (Doc. No. 5).

**I. Background.**

On July 30, 2007, plaintiff filed a petition in state court against defendant CEVA Logistics f/k/a TNT Logistics North America, Inc. In his state court petition, plaintiff asserted claims of race discrimination under the Missouri Human Rights Act ("MHRA"), retaliation under the MHRA, and workers' compensation retaliation under Missouri common law. On September 4, 2007, defendant timely removed the pending action from state court pursuant to 28 U.S.C. §§ 1332 & 1441, asserting that the amount in controversy in this action exceeds $75,000 in that plaintiff is seeking damages for lost wages and benefits, emotional distress, and punitive damages.

On October 2, 2007, plaintiff filed his motion to remand. Plaintiff does not dispute diversity of citizenship; instead, plaintiff argues that the amount in controversy does not exceed $75,000.00.

## II. Discussion.

The Court notes that the party invoking the jurisdiction of a federal court bears the burden of proof in establishing that such jurisdiction is proper. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Kopp v. Kopp, 280 F.3d 883 (8th Cir. 2002). Federal courts are courts of limited jurisdiction, and a civil action brought in a state court may be removed by a defendant only if the federal court has original jurisdiction. 28 U.S.C. § 1441. The instant case was removed by defendants pursuant to the original jurisdiction of this Court over suits between citizens of different states. 28 U.S.C. §§ 1332, 1441. However, plaintiff avers that defendant has not demonstrated the requisite amount in controversy.

In cases, such as this one, where plaintiff has not asked for a specific amount of damages in his state court petition, the removing party "must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." In re Minnesota Mut. Life Ins. Co. Sales Practices Litig., 346 F.3d 830, 834 (8th Cir. 2003). If the removing party satisfies this burden, the plaintiff can still defeat removal by showing to a legal certainty that recovery cannot exceed $75,000. See Neighbors v. Muha, 2005 WL 2346968, *2 (W.D. Mo. Sept. 26, 2005) (J. Fenner) (citing 14C Wright & Miller, Federal Practice and Procedure; Jurisdiction § 3725 at 94-95 (3d ed. 1998)).

To meet its burden of proof, defendant must present specific facts or evidence. See Hill v. Ford Motor Co., 324 F.Supp.2d 1028, 1036 (E.D. Mo. 2004). The evidence may include plaintiff's representations, "including settlement offers by plaintiff exceeding the jurisdictional amount, plaintiff's refusal to stipulate that she would not demand more than the jurisdictional amount, or an extensive list of serious and disabling injuries suffered by

2

the plaintiff." See Neighbors, 2005 WL 2346968 at *2 (citing Halsne v. Liberty Mutual Group, 40 F.Supp.2d 1087, 1091 (N.D. Iowa 1999)).

Here, in the notice of removal, defendant demonstrated that plaintiff's claim involved claims for punitive damages, lost wages and benefits, and emotional distress. Defendant noted two recent Missouri cases alleging racial discrimination involved jury verdicts in excess of $75,000.00.

Plaintiff indicates in his motion to remand that he is "willing to stipulate to seeking less than $75,000," but that defendant would not agree to a voluntary remand. See Doc. No. 5. Plaintiff states that, "[f]ailing to garner the cooperation of the Defendant, Plaintiff has attached a signed and notorized [sic] affidavit stating that his damages are less than $75,000.00." Plaintiff's affidavit states that he is "the Plaintiff in the above stated cause of action originally filed in the Circuit Court o [sic] Jackson County, Missouri," he was "injured as a result of the occurrences referred to in [his] petition and request[s] damages for [his] injuries," and "while the amount of [his] request for damages is not yet ascertained, it is less than $75,000."[1]  See Affidavit of Plaintiff, attached as an exhibit to Doc. No. 5.

Defendant indicates in its suggestions in opposition to plaintiff's motion to remand

---

[1] Plaintiff indicates, "Should this Court deem the Plaintiff's affidavit lacking in any manner to justify remand, Plaintiff requests this Court set forth the inadequacies and allow the Plaintiff a 10 day period in which to address said deficiencies." Doc. No. 5, p. 2. Notably, however, jurisdiction is assessed at the time the complaint is filed, and supplemental affidavits are considered only to the extent that they clarify, rather than amend, the original pleading. Neighbors v. Muha, 2005 WL 2346968, *3 (W.D. Mo. 2005 Sept. 26, 2005)(citations omitted). In this instance, the Court does not believe plaintiff should be granted numerous bites at the apple when defendant has adequately met its burden on removal and plaintiff has failed to meet his burden on his motion to remand.

3

that it has demonstrated by a preponderance of the evidence that a fact finder could legally conclude that plaintiff's damages exceed $75,000. Defendant notes that plaintiff's hourly wage at the time of his termination was at least $11.75 per hour, and that by the time this case is set for trial (November 14, 2008), plaintiff could argue for approximately $39,480.00 plus post-verdict lost income. Further, defendant notes that this amount, when combined with emotional distress damages, punitive damages, and attorneys fees (which plaintiff could be entitled to under the MHRA and which are considered when determining the amount in controversy), could easily lead to a damage award greater than $75,000.00. This Court agrees, and finds that defendant has demonstrated by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

Therefore, the question remaining is whether plaintiff's affidavit establishes to a legal certainty that recovery cannot exceed $75,000. See Neighbors, 2005 WL 2346968, *2. In this instance, the Court finds that the affidavit does not provide such legal certainty. Although plaintiff states in his briefs (Doc. Nos. 5, 6, and 13) that he will not seek greater than $75,000, his affidavit only states that "while the amount of my request for damages is not yet ascertained, it is less than $75,000." See Exhibit to Doc. No. 5. This statement does not indicate that plaintiff is seeking less than $75,000; it only indicates that at this time, he believes his damages are less than $75,000.[2] Of course, such a statement provides no limitation on a fact finder, and a jury could still find that plaintiff's damages exceed the jurisdictional amount. Plaintiff makes no indication that he would not accept

---

[2]This Court also agrees with defendant's comment that plaintiff has not demonstrated he has the knowledge or foundation to represent what his attorney's fees would be in this matter. See Doc. No. 11, pp. 7-8.

4

damages in excess of the jurisdictional amount. Accordingly, this Court finds that plaintiff's affidavit does not demonstrate to a legal certainty that plaintiff's recovery cannot exceed $75,000.

Therefore, for the above stated reasons, Plaintiff's Motion for Remand (Doc. No. 5) is **DENIED**.

**IT IS SO ORDERED.**

          /s/ FERNANDO J. GAITAN, JR.
Fernando J. Gaitan, Jr.
Chief United States District Judge

Dated:   1/10/08  .
Kansas City, Missouri.